JUDGE EEEMING.
Concurring with the other Judges on the merits of this cause, I have only to pronounce the following decree, which has been agreed upon as the unanimous opinion of the Court. The Court is of opinion, “that the decree of *764 the Superior Court of Chancery is erroneous in this, that the appellee is not entitled, to the relief given by the said decree ; therefore it is decreed, &c. that the same be reversed, &c. and that the appellee pay to the appellant the costs, &c. And this Court proceeding, &c. is further of opinion, that by the emanation, execution, and return of the writ of ad quod damnum, in the record mentioned, *the title of the appellee was immediately devested and transferred to the Commonwealth in full and absolute dominion ; and therefore that any overtures, or promises, made by him to cede to the public any particular spot within «the area of the lands comprised within the inquisition taken upon the said writ, or the price thereof, unless the same had been accepted by the agents of the Commonwealth duly author-ised, and the condition annexed to such cession duly complied with, were not binding on the said Philip Turpin, or the Commonwealth, and ought to be wholly disregarded. The appellee according to the terms of the act before mentioned, was, immediately upon the return of the inquisition to the clerk’s office, entitled to demand a warrant from the auditor, and to receive payment from the Treasurer, for the price of the lands comprised in the inquisition aforesaid. He does not appear to have made any application therefor: by which neglect, as well as by asking from the General Assembly, the return of the lands which should be deemfed unnecessary for the public use, he must be considered as waiving all right to interest on the principal sum, and as waiving also all compensation, in the nature of damages, from the Commonwealth, for taking and detaining the lands for public use, except such compensation as the General Assembly might, in their discretion, choose to make him for the same. When the Directors of the Public Buildings, pursuant to the act passed in 1787, intituled‘An act authorising the Directors of the Public Buildings in the city of Richmond, to convey to Philip Turpin certain lands,’ declared, by a resolution of the 9th of April, 1788, that a deed ought to be executed for conveying and releasing to him and his heirs, all the right of the Commonwealth in and to all the lands comprised in the inquisition aforesaid, except two acres, which the said Directors were of opinion ought to be laid off so as to include the garden used at present by the Governor, as annexed to his house, they ought to have had the same immediately laid off, by metes and bounds, and caused the residue of *tbe lands comprised in the inquisition aforesaid to be valued by a jury, as part of the lands in the first, or second lot specified, in the original inquisition of the 8th of January, 1803, [1783,] (1) (according as it shall appear to the said Superior Court of Chancery, that the said two acres were a part of the lands contained in the said first or second lot, or in both), on the principles stated in the aforesaid act of 1787, and such valuation to be returned to the Court of Hen-rico County; which sum, being deducted from the original valuation of the whole tract, would have ascertained the amount of the principal money due and payable to the said Philip Turpin for the two acres retained, as aforesaid; but the said Directors having neglected to do so, the appellee had it not in his power, thereafter, to demand a warrant from the Auditor, or, payment from the Treasurer for the value of the said two acres reserved for public use. From that period, therefore, this Court is of opinion that the appellee is entitled to interest as a compensation, for the delay of payment, which did not happen from his own default or neglect, as before mentioned; therefore, it is decreed and ordered, that the Commonwealth pay to the appellee, the value of the said two acres, retained for public use, to be ascertained by a jury as aforesaid, with interest thereon, at the rate of five per centum per annum, from the ninth day of April, 1788, until the same shall be paid. And the cause is remanded to the Superior Court of Chancery aforesaid, for a decree to be made therein, pursuant to the principles of this decree.”

 It is 1803, in the order book, but it is evidently a mistake. It should be 1783. — Note in Original Edition.